| | | |
|---|---|---|
| GRANT GILMORE, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. |
| ALFALFA'S MARKET, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT
## (JURY TRIAL DEMAND)

COMES NOW the Plaintiff Grant Gilmore ("Gilmore" or "Plaintiff"), by and through undersigned counsel, and files this Complaint showing the Court as follows:

1.

Plaintiff brings this lawsuit on his own behalf, on behalf of an opt-out class of all those similarly situated under applicable Colorado wage laws pursuant to Fed. R. Civ. P. 23, and on behalf of an opt-in collective group of all those similarly situated under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") pursuant to 29 U.S.C. § 216(b), against Defendant Alfalfa's Market, Inc. ("Alfalfa's" or "Defendant")  to recover all available damages arising out of unpaid overtime under the FLSA (including overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees), and under applicable Colorado wage laws (including such further amounts as set out in C.R.S. § 8-4-101, et seq.) including the Colorado Wage Act, C.R.S. §§ 8-4-101, et seq. (the "CWA"), including but not limited to claims arising under § 8-4-103 and

under § 8-4-109, as interpreted by all applicable Colorado Minimum Wage Orders, 7 CCR 1103-1 ("Wage Orders"), the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 *et. seq.* (the "CMWWA"), as interpreted by all applicable Wage Orders, and pursuant to all other statutory wage claims and breach of contract claims for payment of overtime wages allowed under Colorado law (collectively "Colorado Wage and Hour Law.").  Plaintiff hereby files with the Court his signed Consent to join this collective action under 29 U.S.C. § 216(b) as attached hereto.

**<u>Parties</u>**

2.

Defendant operates a chain of grocery stores in Boulder, Colorado and Louisville, Colorado.

3.

As reflected in the corporate filings contained on the Colorado Secretary of State's website, Defendant Alfalfa's is a foreign for-profit corporation incorporated in Colorado registered to transact business in Colorado, and may be served with process through its registered agent, Lee F. Sachnoff, 1801 California Street, Suite 3000, Denver, CO 80202, located within this judicial district.

4.

Defendant's website (http://alfalfas.com) lists the following "Departments" within its grocery stores: Floral, Produce, Bulk, Cheese & Specialty, Seafood, Meat, Grocery, Dairy,

Culinary, Coffee & Tea, Juice, Bakery, Wellness, and Beer, Wine & Spirits (each a "Department" and collectively Defendant's grocery store "Departments").[1]

<div align="center">5.</div>

Plaintiff worked for Defendant at its Boulder, Colorado grocery store location as a salary-paid employee working under the assigned job title of Assistant Bakery Manager from the effective date of his transition from hourly-paid Bakery Supervisor to salary-paid Assistant Bakery Manager in or about approximately December 2015/January 2016, through and until Defendant reclassified that Assistant Bakery Manager position to hourly-paid effective August 8, 2016 ("Plaintiff's relevant period").

<div align="center">6.</div>

Plaintiff brings this action individually, as a class action on behalf of an opt-out class under Colorado Wage and Hour Law pursuant to Fed. R. Civ. P. 23, and as an opt-in FLSA collective action under 29 U.S.C. § 216(b), on behalf of Defendant's current and former employees who received paychecks, for work as Assistant Department Managers in one or more workweeks, during the time period beginning three years preceding the filing date of their Consent to join and continuing through the date of judgment that did not contain the overtime premiums required by the FLSA (for the 216(b) collective action) and by the FLSA and applicable Colorado Wage Law (for the Rule 23 class actions) (the "relevant FLSA period").

---

[1] Plaintiff uses the term "Department" throughout this Complaint merely for ease of reference to Defendant's own designation of certain areas within its stores as "Departments," without admitting – and expressly reserving all rights to challenge -- whether those areas satisfy the legal requirements for the type of "departments or subdivisions" referenced in 29 C.F.R. § 541.201(b), as clarified by 69 Fed. Reg. 22122, at 22141 (April 23, 2004).

## **Jurisdiction and Venue**

7.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

8.

This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the claims arising under the Colorado Wage and Hour Law.

9.

Plaintiff was employed by Defendant in this judicial district, Defendant operates two stores and does business in this judicial district, Defendant's corporate headquarters is located in this judicial district, and venue is therefore proper in this Court under 28 U.S.C. § 1391(b).

10.

Defendant is incorporated in the State of Colorado with its corporate headquarters located in this judicial district, and Defendant is therefore subject to personal jurisdiction in this Court.

11.

Jurisdiction and venue are therefore proper in this Court as to all claims alleged in this Complaint.

12.

Plaintiff and the Assistant Department Managers were "employees" of Defendant during the relevant FLSA period as that term is defined by the FLSA.

13.

Plaintiff and the Assistant Department Managers during the relevant FLSA period were entitled to the protections of the FLSA as "employees" pursuant to 29 U.S.C. §§ 203(e) & 207(a).

14.

Defendant was at all times during the relevant FLSA period an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b) & (d).

15.

Defendant was, at all times during the relevant FLSA periods in this Complaint, an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the applicable relevant periods) annual gross revenues in excess of $500,000.

16.

Plaintiff and the Assistant Department Managers were individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during their employment with Defendant during the relevant FLSA period, and Plaintiff and the Covered Assistant Department Managers, upon information and belief, engaged in interstate work for Defendant by, for example without limitation, servicing out-of-state customers during some or all of the applicable relevant FLSA period.

17.

Plaintiff and the Covered Assistant Department Managers were covered by the maximum hours provisions of the FLSA during their respective periods of employment with Defendant within the applicable relevant FLSA period as employees "engaged in commerce or in the production of goods for commerce" as defined by Section 7 of the FLSA.

18.

Defendant was, at all times during the applicable relevant FLSA periods in this Complaint, a business or enterprise that sells or offers for sale, any service, commodity, article, good, real estate, wares, or merchandise to the consuming public, and that generates 50% or more of its annual dollar volume of business from such sales; and that offered goods or services that will not be made available for resale.

19.

Defendant was, at all times during the applicable relevant periods in this Complaint, covered by each Colorado Minimum Wage Order applicable to the respective years within the applicable relevant periods defined below as a business or enterprise within the "Retail and Service" industry as that term is defined therein.

20.

Defendant was, at all times during the applicable relevant periods in this Complaint, a business or enterprise that prepares and offers for sale, food or beverages for consumption either on or off the premises.

21.

Defendant was, at all times during the applicable relevant periods in this Complaint, covered by each Wage Order applicable to the respective years within the applicable relevant periods as a business or enterprise within the "Food and Beverage" industry as that term is defined therein.

22.

Plaintiff and the Assistant Department Managers were Defendant's "employees" as that term is defined by all applicable Wage Orders because they performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed.

**Facts Related To All Counts**

23.

Plaintiff's Assistant Bakery Manager position worked during his relevant period was paid on a salaried rather than hourly-paid basis, as were all of Defendant's salary-paid Department-level "assistant manager"[2] positions within the applicable relevant periods (i.e., salary-paid Department-level "assistant manager" positions at a promotion level below Department-level

---

[2] Plaintiff uses the term "assistant manager" in quotes throughout this Complaint merely for ease of reference to Defendant's own designation of its job titles as "Assistant [Department] Manager" or "[Department] Assistant Manager," without admitting – and expressly reserving all rights to challenge -- whether the job duties actually performed in those positions satisfy the legal requirements for "management" as required for any applicable overtime law exemptions.

"manager"[3] positions, which positions were at a promotion level below Assistant Store Director positions, which positions were at a promotion level below Store Director positions, which was the highest ranking onsite store-level position) (all such salary-paid Department-level "assistant manager" positions hereinafter referred to collectively as the "Assistant Department Manager" positions).

24.

Defendant's Assistant Department Manager positions were internally classified by Defendant as exempt from applicable overtime laws during the applicable relevant periods.

25.

Defendant's Assistant Department Manager positions were paid by Defendant as exempt from applicable overtime laws during the applicable relevant periods.

26.

Based on present recollection and without the benefit of discovery and review of documents and records in Defendant's sole possession which may refresh recollections and require revision of these approximate estimates, Plaintiff worked, on average, in excess of forty (40) hours in each full workweek (i.e., weeks without one or more days of holiday/PTO leave from regularly scheduled workdays) during his employment as an Assistant Department Manager.

_____

[3] Plaintiff uses the term "manager" in quotes throughout this Complaint merely for ease of reference to Defendant's own designation of its job titles as "[Department] Manager," without admitting – and expressly reserving all rights to challenge -- whether the job duties actually performed in those positions satisfy the legal requirements for "management" as required for any applicable overtime law exemptions.

27.

Plaintiff frequently informed management personnel above the reporting level of Department "manager," including the Manager on Duty, that he had worked hours in excess of an eight-hour day resulting in overtime hours worked for the workweek.

28.

Assistant Department Managers did not use the punch-in/punch-out timekeeping system at the store that was used exclusively by hourly-paid employees.

29.

Defendant did not keep records of Assistant Department Managers' actual start and end times of hours worked each week.

30.

Assistant Department Managers were not required to record or log their initial start times, end of the day end times, break period start or end times, or meal break start or end times.

31.

Defendant's payroll personnel, including Kim White, instructed Plaintiff and, upon information and belief, the other Assistant Department Managers, to log into the MyPaychex system and manually enter five eight-hour days a week (total 40) hours each full workweek worked (i.e., weeks without one or more days of holiday/PTO leave from regularly scheduled workdays), regardless of the number of hours actually worked.

32.

Plaintiff worked over forty (40) hours a week in one or more workweeks as an Assistant Department Manager within Plaintiff's relevant period, but was not paid any overtime premiums by Defendant for those overtime hours worked.

33.

Assistant Department Managers worked, on average, in excess of forty (40) hours each full workweek (i.e., weeks without one or more days of leave from regularly scheduled workdays) during their employment as Assistant Department Managers within the applicable relevant periods.

34.

Employees who worked in Defendant's Assistant Department Manager positions at any time within the applicable relevant periods were not paid overtime premiums by Defendant when they worked over forty (40) hours in a workweek.

35.

Employees who worked in Defendant's Assistant Department Manager positions at any time within the applicable relevant periods were not paid overtime premiums by Defendant when they worked in excess of twelve (12) hours in any workday.

36.

Employees who worked in Defendant's Assistant Department Manager positions at any time within the applicable relevant periods were not paid overtime premiums by Defendant when

they worked twelve (12) consecutive hours without regard to the starting and ending time of the workday.

37.

The Assistant Department Manager positions were all paid during the applicable relevant periods by the same (or similar) company-wide pay plan applicable to Assistant Department Managers: i.e., salary-paid, internally classified as exempt, with no payment of any overtime premiums.

38.

The Assistant Department Manager positions were all at the same (or similar) promotion level within the store: i.e., at a promotion level below Department-level "manager" positions, which positions were at a promotion level below Assistant Store Director positions, which positions were at a promotion level below Store Director positions, which was the highest ranking onsite store-level position and which position reported to Defendant's corporate office executives.

39.

The Assistant Department Manager positions were all required to comply with the same customer service duties required by Defendant's company-wide policies as stated in its Employee Handbook applicable to all Assistant Department Managers during the applicable relevant periods (the "Employee Handbook").

40.

The Employee Handbook states: "customer service is without a doubt your single most important responsibility as an Alfalfa's employee" and "[f]irst and foremost, your job is Customer Service."

41.

According to Defendant's company policy, an Assistant Department Manager's primary duty is customer service.

42.

An Assistant Department Manager's primary duty is, and was, customer service at all times during the applicable relevant periods.

43.

According to Defendant's company policy, an Assistant Department Manager does not have the authority to schedule and approve his or her own vacation leave hours.

44.

The Employee Handbook states: "If you do not have any PTO to cover the time you are out due to illness, you will not be paid for that time away from work."

45.

According to Defendant's company policy, an Assistant Department Manager who has not accrued sufficient PTO to cover the time that he or she is out from work due to illness will not be paid for that time away from work.

46.

The Employee Handbook lists the following under "Employee Status: "**Exempt employee:** An employee who is not eligible for overtime pay.  **Non-exempt Employee:** Non-exempt employees are eligible for paid overtime at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek."

47.

The Employee Handbook states:

> **Overtime**
> From time to time, non-exempt employees may be required to work overtime. In these instances, employees are given as much advance notice as practical. Non-exempt employees are paid at a rate of one and one-half (1 ½) times their regular hourly rate for hours worked in excess of 12 hours in any workday, 12 consecutive hours without regard to the starting and ending time of the workday, or 40 hours per workweek, whichever results in the greater payment of wages. The established workweek begins at 12:01 on Monday and ends at 12:00 midnight on Sunday. For purposes of calculating overtime payment, only hours actually worked, are counted.

48.

The Employee Handbook states: "**Open Door Policy**….If you have a problem concerning a work-related matter, we want to know about it….Speak with the People Director first. Then, if you'd like, you may speak to an owner with the People Director present."

49.

According to Defendant's company policy, it is not an Assistant Department Manager's job duty to field and resolve employee concerns regarding work-related matters.

50.

The Employee Handbook states that if an employee believes that there has been a violation of the company's EEO policy, or harassment based on a specified protected class, or a violation of the company's EEO or retaliation standard, the employee must "[r]eport the incident to the People Department, or the Assistant Store Director who will investigate the matter and take corrective action. . . If you prefer not to go to either of these individuals with your complaint, you should report the incident to the Store Director."

51.

According to Defendant's company policy, it is not an Assistant Department Manager's job duty to field, investigate, and/or take corrective action regarding, employee reports that there has been a violation of the company's EEO policy, or harassment based on a specified protected class, or a violation of the company's EEO or retaliation standard.

52.

The Employee Handbook states: "Report all accidents in writing, no matter how minor, to the MOD immediately. . . Accidents involving customers should be handled by the MOD. . . All employees must report the incidence of unsafe working conditions, equipment or hazardous materials to the MOD immediately."

53.

According to Defendant's company policy, it is not an Assistant Department Manager's job duty to field or handle reports of accidents or incidences of unsafe working conditions, equipment or hazardous materials.

54.

The Employee Handbook states: "If you suspect a customer of shoplifting, bring it to the attention of the MOD and/or security."

55.

According to Defendant's company policy, it is not an Assistant Department Manager's job duty to have responsibility for handling suspected shoplifting beyond bringing it to the attention of the MOD and/or security.

56.

Defendant's job posting for its "Manager On Duty (MOD)" position, posted at https://www.alfalfas.com/find-your-ideal-gig/manager-on-duty-mod/, states, *inter alia*:

> You will provide overall management and supervision of the Store. Lead, mentor, and develop managers to achieve and surpass all store and department goals. Will have some responsibility for profitability, expense control, merchandising, regulatory compliance, and special projects as assigned. Complete accountability for all aspects of the stores operations. Assumes total responsibility for the store when here.

57.

Defendant's job posting for its "Store Manager" position, posted at https://www.alfalfas.com/find-your-ideal-gig/store-managerboulder/, states, *inter alia*:

> Provide overall leadership, management and supervision of the Store. Lead, mentor, and develop Assistant Store Managers and Department Managers to achieve and surpass store and department goals. Responsible for overseeing all store Employee hiring and development. Responsible for profitability, expense control, buying/merchandising, regulatory compliance, equipment maintenance and special projects as assigned. Complete

accountability for all aspects of store operations. Must have a strong retail eye, outstanding communication skills, strong financial capabilities and a desire to grow the natural/organic food industry and culture.

<div align="center">58.</div>

Based on their job duties actually performed as Assistant Department Managers during the applicable relevant periods, the Assistant Department Managers were non-exempt employees under the FLSA and Colorado's overtime laws.

<div align="center">59.</div>

At all times prior to August 8, 2016, Defendant had internally classified Plaintiff's salary-paid Assistant Bakery Manager position as exempt from the overtime pay requirements of the FLSA and Colorado's overtime laws.

<div align="center">60.</div>

Effective August 8, 2016, Defendant internally reclassified Plaintiff's salary-paid Assistant Bakery Manager position to hourly-paid, non-exempt from the overtime pay requirements of the FLSA and Colorado's overtime laws.

<div align="center">61.</div>

At all times prior to August 8, 2016, upon information and belief, Defendant had classified all of its Assistant Department Manager positions as exempt from the overtime pay requirements of the FLSA and Colorado's overtime laws.

62.

Effective August 8, 2016, upon information and belief, Defendant internally reclassified all of its Assistant Department Manager positions company-wide to hourly-paid, non-exempt from the overtime pay requirements of the FLSA and Colorado's overtime laws.

63.

Despite this decision, Defendant did not pay and has not paid Plaintiff or, upon information and belief, the Assistant Department Managers, any overtime compensation and/or liquidated damages for any of their overtime hours worked as Assistant Department Managers prior to the effective date of the reclassification to hourly-paid, non-exempt.

64.

Defendant was aware prior to and during the applicable relevant periods that the FLSA and Colorado's overtime laws applied to Plaintiff and the Assistant Department Managers during their work for Defendant.

65.

Upon information and belief, at one or more times during the applicable relevant periods, Defendant knew, should have known, and/or by reasonable inquiry could have known of court decisions by federal appellate courts holding that grocery store and/or retail managers even at the higher Assistant Store Manager, or even Store Manager reporting level, were non-exempt and therefore entitled to overtime pay.

66.

For example, on March 6, 2008, the Eleventh Circuit issued its opinion in *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.2d 1259 (11th Cir. 2008), affirming the jury verdict that the plaintiffs, grocery store managers at the reporting level directly below district managers, were non-exempt under the FLSA and therefore entitled to overtime compensation.

67.

As another example, on December 16, 2008, as amended December 22, 2008, the Eleventh Circuit issued its opinion in *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008), affirming the jury verdict that the plaintiffs, retail store managers at the reporting level directly below district managers, were non-exempt under the FLSA and entitled to overtime compensation, and that their employer had willfully denied them overtime pay.

68.

Upon information and belief, at one or more times prior to and/or during the applicable relevant periods, Defendant knew, should have known, and/or by reasonable inquiry could have known of the Tenth Circuit's decision in *Dye v. Family Mkt., Inc.*, No. 81-1331, 1982 WL 19205 (10th Cir. Feb. 22, 1982), affirming the judgment that a grocery store bakery manager was non-exempt and entitled to overtime pay.

69.

One of Defendant's founders in 2010, Mark Retzloff, served as a director on the board of Wild Oats (after its 1996 merger with the prior iteration of Alfalfa's Market) from January 2003

through May 2006.[4]

70.

Wild Oats was sued in California state court by a store director in 2004 alleging misclassification as exempt under California's overtime laws, and the complaint was amended in 2005 to include five additional plaintiffs including one whose case went to trial, resulting in a 2006 verdict in favor of the plaintiff Martinez, who as the food service manager oversaw the store's deli department, the cheese department, the juice bar, the salad bar, and the bakery, subsequently affirmed on appeal in 2008. *See Martinez v. Wild Oats Markets, Inc.*, No. B195749, 2008 WL 4572161 (Cal. Ct. App. Oct. 15, 2008).

71.

Upon information and belief, at the time the decision was made to internally classify Defendant's Assistant Department Managers as exempt from federal and state overtime laws in or after the company (in its new iteration) was founded in 2010, one of Defendant's founding owners and officers knew, should have known, and/or by reasonable inquiry could have known that the former Alfalfa's Market (after its 1996 merger with Wild Oats) had been sued by one of its food service managers alleging misclassification as exempt from California overtime laws, and/or that the trial court had ruled in favor of the food service manager on those claims.

72.

---

[4] https://www.ftc.gov/sites/default/files/documents/cases/2010/03/100302wholefoodsholdings.pdf

Upon information and belief, Defendant has failed to keep all records required by 29 U.S.C. § 211(c), C.R.S. § 8-4-103(4.5), and the applicable Colorado Minimum Wage Orders regarding the wages, hours, and other conditions of employment of Plaintiff and the Assistant Department Managers for the time periods required by law.

73.

Defendant's misclassification of its Assistant Department Managers as exempt in violation of applicable federal and state overtime laws was willful.

**29 U.S.C. § 216(b) COLLECTIVE ACTION ALLEGATIONS**

74.

Plaintiff brings his Count I claims under the Fair Labor Standards Act individually and as a collective action, pursuant to 29 U.S.C. § 216(b), for himself and on behalf of all similarly situated employees currently and formerly employed by Defendant as Assistant Department Managers. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "216(b) Collective" for notice purposes as follows:

> All individuals employed by Defendant as salary-paid Department-level "assistant managers" (i.e., employees paid by salary who worked at a promotion level below that of a Department-level "manager" regardless of variations in job title, including but not limited to job titles of "Assistant [Department] Manager" or "[Department] Assistant Manager") during the period beginning three years preceding the filing date of the Complaint in this action and continuing for each throughout the period during which each was paid by Defendant as salary-paid, overtime-exempt.

75.

The relevant time period for issuance of notice to the 216(b) Collective begins three

years preceding the filing date of this Complaint and continues for each throughout the period during which each was paid by Defendant as salary-paid, overtime-exempt, because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

<p style="text-align:center">76.</p>

All potential 216(b) Collective Members are similarly situated because they worked for Defendant as Assistant Department Managers (as defined above) and are or were subject to Defendant's common, uniform, and company-wide policy of internally classifying and paying those positions as overtime exempt resulting in failure to pay overtime premiums.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

<p style="text-align:center">77.</p>

Plaintiff asserts his Count II, III and IV claims as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks class certification.

<p style="text-align:center">78.</p>

Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the Count II Class "Count II Class" as follows:

> All individuals employed by Defendant as salary-paid Department-level "assistant managers" (i.e., employees paid by salary who worked at a promotion level below that of a Department-level "manager" regardless of variations in job title, including but not limited to job titles of "Assistant [Department] Manager" or "[Department] Assistant Manager") during the period beginning three years preceding the filing date of the Complaint in this action and continuing for each throughout the period during which each was paid by Defendant as salary-paid, overtime-exempt.

<p style="text-align:center">21</p>

79.

Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the

Count III Class "Count III Class" as follows:

> All individuals employed by Defendant as salary-paid Department-level "assistant managers" (i.e., employees paid by salary who worked at a promotion level below that of a Department-level "manager" regardless of variations in job title, including but not limited to job titles of "Assistant [Department] Manager" or "[Department] Assistant Manager") during the period beginning three years preceding the filing date of the Complaint in this action and continuing for each throughout the period during which each was paid by Defendant as salary-paid, overtime-exempt.

80.

Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the

Count IV Class "Count IV Class" as follows:

> All individuals employed by Defendant as salary-paid Department-level "assistant managers" (i.e., employees paid by salary who worked at a promotion level below that of a Department-level "manager" regardless of variations in job title, including but not limited to job titles of "Assistant [Department] Manager" or "[Department] Assistant Manager") whose employment with Defendant terminated during the period beginning three years preceding the filing date of the Complaint in this action.

81.

This action is properly brought as a class action for the following reasons: Upon

information and belief, all of Defendant's Assistant Department Managers (1) were denied

weekly overtime premiums when they worked over 40 hours in a work week; (2) were denied

daily overtime premiums when they worked over twelve (12) hours in a day; and (3) were denied

daily overtime premiums when they worked twelve (12) consecutive hours without regard to the starting and ending time of the workday.

82.

Upon information and belief, all of Defendant's Assistant Department Managers were subject to these common policies.

83.

Each class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the class since that information is within the control of Defendant; however, Defendant's website lists fourteen (14) Departments for each of its two (2) store locations (i.e., 28 Departments potentially having a Department-level "assistant manager"), some or most of which each has a Department-level "assistant manager" at any given time, and therefore the number of class members for each class exceeds thirty (30) given employee turnover.

84.

Membership in each class is readily ascertainable from Defendant's employment records.

85.

Numerous questions of law and fact regarding the liability of Defendant are common to the class and predominate over any individual issues which may exist. Common questions of law and of fact include: whether Defendant and the class members were covered by the overtime pay requirements of the wage law at issue; whether any exemption from the overtime wage payment requirements of the applicable wage law at issue applies to Defendant or to the members of the

class; whether Defendant compensated Assistant Department Managers for required overtime pay; and whether overtime pay denied the class members constituted earned vested and determinable compensation owed under the FLSA or Colorado Wage Law for the purposes of the CWA the CMWWA, and/or the Wage Orders.

86.

The claims asserted by Plaintiff are typical of the claims of all of the class members. This is an uncomplicated case of unpaid overtime premiums due to misclassification of all Assistant Department Managers as overtime-exempt. Each of the claims at issue arises from a policy applicable to all members of the class. Each member of the class suffered the same violations that give rise to Plaintiff's claims. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

87.

The representative Plaintiff will fairly and adequately protect the interests of the members of the class. Because all class members were subject to the same violations of law perpetrated by Defendant, the interests of class members are coincident with, and not antagonistic to, those of the Plaintiff. The representative Plaintiff will litigate their claims fully.

88.

The representative Plaintiff is represented by counsel experienced in wage and hour class and collective action litigation.

89.

The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant. If Defendant's overtime classification of Assistant Department Managers was unlawful as applied to the representative Plaintiff, then it was unlawful as applied to the absent members of the putative class as well. If the challenged uniform company-wide decision was lawful as applied to the representative Plaintiff, then it was lawful as to the absent members of the class.

90.

Those class members who worked for Defendant for short periods of time have small claims which they are unlikely to bring individually. All members of the class have claims which are factually very similar and legally identical to Plaintiff's claims. Thus, the interest of members of the class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the CMWWA and of the CWA counsel toward vindicating the rights of those employees with small claims as part of the larger class.

91.

Plaintiff is aware of no litigation pending which was commenced by or against members of the class concerning the instant controversy.

92.

It is desirable to concentrate this litigation in this forum because Defendant resides in this judicial district and because all claims arose in this judicial district.

93.

This class action will not be difficult to manage due to the uniformity of claims among the class members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

94.

The contours of the class will be easily defined by reference to Defendant's personnel and payroll documents that Defendant was required to create and maintain. Notice will be easily distributed as all members of the putative class are or were relatively recently employed by Defendant and Defendant was required to create and maintain records containing the mailing addresses of such class members.

**<u>Count I: FLSA – Individual and Collective Action</u>**

95.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

96.

Defendant internally classified Plaintiff and the Assistant Department Managers as exempt from the FLSA's overtime laws during the relevant period beginning three years preceding the filing date of this Complaint and continuing throughout the entire period during which the positions were paid as overtime exempt.

<center>97.</center>

Defendant failed to pay Plaintiff and the Assistant Department Managers the overtime compensation owed to them under, and in the manner and amount required by, the FLSA for the hours that Defendant suffered or permitted them to work over forty in a work week during the relevant FLSA period.

<center>98.</center>

Plaintiff and the Assistant Department Managers are entitled to a judgment finding violations of the FLSA and awarding them back overtime pay at one and a half times their respective regular rates, in addition to an equivalent amount as liquidated damages, prejudgment interest if liquidated damages are not awarded in full, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## Count II: Colorado Wage Claim Act § 8-4-101, *et seq.* – Individual and Class Action – Section 103 Claims

<center>99.</center>

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

<center>100.</center>

As alleged above, at all relevant times Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Wage Act.

<center>101.</center>

As alleged above, at all relevant times Defendant has employed, and/or continues to employ, "employees," including Plaintiff, within the meaning of the Colorado Wage Act.

<center>27</center>

102.

Plaintiff was an employee of Defendant within the meaning of the Colorado Wage Act during his period of employment as an Assistant Department Manager within the dates stated above.

103.

Defendant violated the CWA when it failed to pay Plaintiff and the Assistant Department Managers overtime premiums, for hours worked over forty in each given workweek (as required by the FLSA and Colorado Wage Laws) or over twelve in a workday or continuous work period (as required by the Colorado Wage Laws), each regular pay period for the maximum possible statute of limitations period applicable to Defendant's willful violation. C.R.S. § 8-4-103(1)(a).

104.

As a result, Plaintiff and the putative class members have suffered lost wages and lost use of those wages in an amount to be determined at trial.

105.

Plaintiff and the class are therefore entitled to recover in this civil action the unpaid balance of the full amount of minimum overtime wages they are owed, together with attorney's fees and court costs.

**Count III: Colorado Wage Claim Act § 8-4-101, *et seq.* – Individual and Class Action – Wage Order Claims**

106.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

107.

As alleged above, at all relevant times Defendant has been, and continues to be, an "employer" within the meaning of the CWA and the CMWWA, as implemented by the Wage Orders.

108.

As alleged above, at all relevant times Defendant has employed Plaintiff, and/or continues to employ, "employees," including Assistant Department Managers, within the meaning of the CWA and the CMWWA, as implemented by the Wage Orders.

109.

Plaintiff was an employee of Defendant within the meaning of the CWA and the CMWWA, as implemented by the Wage Orders, during his period of employment as an Assistant Department Manager within the dates stated above.

110.

As alleged above, Defendant is and was at all relevant times covered by all applicable Wage Orders by operating within the Retail and Service, and Food and Beverage, industries as therein defined.

111.

Defendant violated the CWA and the CMWWA, as implemented by all applicable Wage Orders, when it failed to pay Plaintiff and the Assistant Department Managers overtime premiums for hours worked over forty in each given workweek (as required by the FLSA and Colorado Wage Laws) or over twelve in a workday or continuous work period (as required by the Colorado Wage Laws) each regular pay period for the maximum possible statute of limitations period applicable to Defendant's willful violation.

112.

As a result, Plaintiff and the putative class members have suffered lost wages and lost use of those wages in an amount to be determined at trial.

113.

Plaintiff and the class are therefore entitled to recover in this civil action the unpaid balance of the full amount of minimum overtime wages they are owed, together with attorney's fees and court costs.

## Count IV: Colorado Wage Claim Act § 8-4-101, *et seq.* – Individual and Class Action – Section 109 Claims

114.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

115.

As alleged above, at all relevant times Defendant has been, and continues to be, an "employer" within the meaning of the FLSA and the Colorado Wage Act, as implemented by the Wage Orders.

116.

As alleged above, at all relevant times Defendant has employed, and/or continues to employ, "employees," including Plaintiff, within the meaning of the FLSA and the Colorado Wage Act, as implemented by the Wage Orders.

117.

Plaintiff was an employee of Defendant within the meaning of the FLSA and the Colorado Wage Act, as implemented by the Wage Orders, during his period of employment as an Assistant Department Manager within the dates stated above.

118.

As alleged above, Defendant is and was at all relevant times covered by all applicable Wage Orders by operating within the Retail and Service, and Food and Beverage, industries as therein defined.

119.

Defendant violated the CWA as implemented by all applicable Wage Orders when it failed to pay Plaintiff upon his separation from employment, and all other separated Assistant Department Managers whose employment with Defendant terminated within the period beginning three years preceding the filing date of this Complaint upon their separation from

employment with Defendant (collectively the "Separated ADMs"), within the time required by statute, their gross wages inclusive of overtime premiums for hours worked over forty in each given workweek (as required by the FLSA and Colorado law) or over twelve in a workday or continuous work period (as required by Colorado law) for the entire course of their employment with Defendant under C.R.S. § 8-4-109.

<div align="center">120.</div>

Plaintiff's and the Separated ADMs' gross wages, inclusive of the unpaid overtime premiums owed under the FLSA, CWA and all applicable Wage Orders, are and were earned, vested and determinable wages or compensation at the time of their separation from employment for the purposes of C.R.S. § 8-4-109(3)(b). C.R.S. § 8-4-101(8)(a)(I).

<div align="center">121.</div>

Defendant did not make Plaintiff's and the Separated ADMs' gross wages, inclusive of the unpaid overtime premiums owed under applicable federal and state law, available following separation from employment at the applicable time and location required by C.R.S. §§ 8-4-109(1)(a)(i)-(iii) or (1)(b)(i)-(iii).

<div align="center">122.</div>

Defendant did not mail Plaintiff's and the Separated ADMs' gross wages, inclusive of the unpaid overtime premiums owed under applicable federal and state law, to their last known mailing address as required by C.R.S. § 8-4-109(1)(c).

123.

As a result, Plaintiff and the Separated ADMs have suffered lost wages and lost use of those wages in an amount to be determined at trial.

124.

Plaintiff and the Separated ADMs are therefore entitled to recover in this civil action the unpaid balance of the full amount of overtime wages they are owed, together with attorney's fees and court costs. C.R.S. § 8-4-110(1).

125.

Plaintiff and/or any Separated ADMs to whom Defendant failed to make payment in full of the required wages within fourteen days of receipt of written demand (the "Demand Subclass") are further entitled to recovery of additional penalties pursuant to C.R.S. § 8-4-109(3)(b).

126.

The Separated ADMs within the Demand Subclass are further entitled to recovery of additional penalties pursuant to C.R.S. § 8-4-109(3)(c) for willful violations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant in favor of Plaintiff and the class and collective members finding a violation of the FLSA and applicable Colorado Wage Laws, certifying this litigation as a class action under Fed. R. Civ. P. 23, ordering issuance of notice under 216(b), and awarding the following relief:

1.     Ordering Defendant to pay Plaintiff and the Assistant Department Managers their unpaid overtime premiums for the applicable relevant FLSA and class periods, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full) under the FLSA, and all amounts allowed under the Colorado Wage Laws arising out of unpaid overtime premiums including additional amounts owed beyond the damages provisions of the FLSA;

2.     Order Defendant to pay Plaintiff and the class and collective members their costs and attorney's fees; and

3.     Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY A JURY OF TWELVE PERSONS.

Respectfully submitted this 9th day of January, 2017.

<div style="margin-left:40%">

s/ Charles Andrew Head
***Charles Andrew Head***
HEAD LAW FIRM, LLC
White Provision, Ste. 305
1170 Howell Mill Rd, NW
Atlanta, GA 30318
Telephone: (404) 924-4151
FAX: (404) 796-7338
Email: ahead@headlawfirm.com
Attorney for Plaintiff and the Class/Collective

</div>

Plaintiff's address:
Grant Gilmore
3835 Telluride Pl
Boulder, CO 80305

**CONSENT TO JOIN ALFALFA'S MARKET OVERTIME LAWSUIT**

I hereby consent to join this lawsuit as a Representative Plaintiff seeking to recover alleged unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Alfalfa's Market, Inc. ("Defendant") under the Fair Labor Standards Act ("FLSA").

As a representative Plaintiff, I understand that I will have authority to participate in the making of decisions on behalf of myself and any plaintiffs, not named in the caption of the lawsuit, who later opt-in to this lawsuit, including but not limited to retaining counsel for the collective class. I have entered into a contingency fee agreement with the law firm of Head Law Firm, LLC authorizing retention of additional co-counsel and/or local counsel ("class counsel").

I hereby authorize such class counsel to make such further decisions with respect to the conduct and handling of this action, including the settlement thereof, as they deem appropriate and necessary. I further understand that I will be bound by judgment, whether it is favorable or unfavorable. I will also be bound by, and will share in, as the Court may direct or the parties may agree, any settlement that may be negotiated on behalf of all plaintiffs in this action.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime wages alleged to be owed to me by Defendant, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join in this lawsuit.

Signature: _GWH_      Date: _01/02/2017_

Printed Name: _Grant William Gilmore_